## Pennsylvania Mining Company *v.* Smith, Appellant.

*Vendor and vendee—Sale of coal—Option—Interest.*

Where an agreement for the sale of coal provides that " this agreement or option to last only and be binding for a period of nine months from the date hereof," the purchaser may within the nine months, by an acceptance of the coal, secure an equitable title to it without tender of the purchase money. If upon the last day of the nine months a deed is tendered and the purchase money demanded, and the vendee objects in good faith to what he claims are defects in the title, his delay in paying the purchase money will not enable the vendor to rescind the contract, but will impose upon vendee the payment of interest on the purchase money from the date when the deed was tendered.

Submitted Oct. 20, 1904.    Appeal, No. 150, Oct. T., 1904, by defendant, from decree of C. P. Washington Co., No. 1237, in equity, on bill in equity in case of Pennsylvania Mining Company v. A. W. Smith.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity for specific performance.    McILVAINE, P. J., found the facts substantially as follows :

1. That A. W. Smith, the defendant, made with Cavanagh

& Company a written article of agreement containing this clause :

" This instrument being intended to give the parties of the second part the exclusive option or privilege of buying the coal heretofore described for a price or sum of thirty-five ($35) dollars per acre, at the option of the parties of the second part, this agreement or option to last only and be binding for a period of (nine months) from the date hereof, and is payable in cash when sale is made or within nine months from date hereof."

2. Cavanagh & Company, for a valuable consideration, assigned over to the Pennsylvania Mining Company, the plaintiff in this case, their rights under said agreement.

3. That on March 13, 1900, the defendant had notice of this assignment and that the plaintiff elected to purchase the coal described in the agreement on the terms and conditions therein named.

4. That the plaintiff's election to purchase under said agreement the coal described therein was made in good faith, and it was on March 27, 1900, and always has been since that date, able, ready and willing to pay, and has offered to pay to the defendant the purchase price of said coal, upon receiving from the defendant a deed of conveyance, such as it would be bound to receive under the requirements of said agreement.

5. That the defendant ever since March 27, 1900, has denied the right of the plaintiff to a deed for the coal in controversy, and has refused to receive the purchase money therefor when tendered him.

6. That during the afternoon of March 27, 1900, the defendant tendered a deed to the plaintiff company in Pittsburg, Pa., and demanded full payment to himself of the amount of the purchase money he alleged to be due and payable under the terms of his agreement. At the time this demand was made certain legacies bequeathed by Andrew Van Eman, deceased, who died seized of part of the land described in the deed tendered to the plaintiff, according to the averments of a petition signed and sworn to by A. W. Smith, the defendant, filed to No. 38, February Term, 1901, in the orphans' court of Washington county, on March 19, 1901, were then a charge on said land under the terms of the will of the said Andrew Van Eman, and on May 14, 1901, the said orphans' court on this

petition made and filed a final decree in which it set out that it is " satisfied that the allegations made in the petition of A. W. Smith are true " and directed " the land referred to and specified in said petition which were subject to the charge of incumbrance of said legacies and every part of said land shall be and hereby is released and discharged therefrom," etc.

7. That the deed tendered to the plaintiff company had not upon it the revenue stamps required by the act of Congress then in force.

8. That at the time the defendant tendered his deed and demanded the full payment of his purchase money, a dispute arose between him and the attorney, who was acting for the plaintiff company, as to allowing him time to examine the records for title, liens, etc., which resulted in the defendant insisting that the plaintiff should then and there accept the deed tendered and pay the purchase money or otherwise the contract between them would be at an end, and the attorney insisting that he was not legally bound under existing circumstances to then accept the same and pay the amount demanded, but that the company wanted the coal and were ready, able and willing to pay for it, when the defendant would comply with his part of the contract, and they would have it if they had to resort to legal means to get it. They parted, the defendant claiming that the contract was at an end and the plaintiff's representative claiming that the defendant had not made such a tender of performance as required it to pay the sum demanded and that the contract was not at an end, but would be legally enforced.

Upon these facts he found the following conclusions of law:

1. That the plaintiff had the exclusive option of buying the coal described in said agreement at the rate of $35.00 per acre for a period of nine months from the date of said agreement.

2. That the acceptance of said coal under said agreement was the closing of a binding contract in writing, which thereafter existed between A. W. Smith and the Pennsylvania Mining Company, and under the terms of which the company was, after that date, the equitable owner of the coal in controversy.

3. That the plaintiff company is entitled to a deed of conveyance for this coal, in accordance with the terms of said agreement.

4. That the defendant, in tendering the deed on March 27, 1900, did not tender such performance on his part as to make it obligatory on the plaintiff company then and there to pay the sum demanded, or submit to a rescission of the contract.

5. That the legal penalty of the plaintiff company for not paying the purchase price on March 27, 1900, under the facts of this case, is not a forfeiture of its vested rights under its contract, but the payment of interest on the purchase money from that date.

6. That by the acceptance of the said coal under the said contract made on March 13, 1900, by the Pennsylvania Mining Company, assignee of Cavanagh & Company, the said contract became a binding agreement for the sale of the said coal to the Pennsylvania Mining Company, and the said company became the owner thereof subject to the payment of the price stipulated: Frick's Appeal, 101 Pa. 485 ; Siter, James & Co.'s Appeal, 26 Pa. 178.

7. That under the terms of the said contract the Pennsylvania Mining Company was entitled to a conveyance of the said coal free and clear from all encumbrances and liens before it paid the purchase price therefor.

8. The plaintiff was entitled, before being called upon to make payment of the purchase money, to have the satisfaction or discharge of encumbrances, which had been placed upon the property, evidenced by matter of record, and it was the duty of the defendant, before demanding payment of the purchase money, to cause to be entered of record evidence of the payment or release of the legacies charged on said property by the will of Andrew Van Eman, deceased, or else to procure a discharge of the property therefrom by proceedings under the Act of May 8, 1895, P. L. 44.   Not having done so, the defendant had no right to rescind the contract on March 27, 1900, for noncompliance on that date with such demand.

9. That under all the evidence in this case the plaintiff is entitled to a conveyance from the defendant of the coal, in accordance with the terms of the said contract.

*Error assigned* was decree of specific performance.

*T. F. Birch,* with him *T. Jeff Duncan,* for appellant.

*John G. MacConnell*, with him *John W.* and *Alvin Donnans*
and *James I. Brownson*, for appellee.

PER CURIAM, November 4, 1904:
This judgment is affirmed on the opinion of the court below.